Haywood, J.
delivered the opinion of the court.
It is first argued, that after the writ of enquiry, executed at the second term of the circuit court, after the cause was sent back from the Supreme Court, the plea of tender ought not to have been received, this being considered as a dilatory plea, and for that reason treated as an unfavored plea; that it cannot be pleaded after an imparlance, or other proceeding, from whence it may be implied, that the defendant was not then ready to deliver the specific article required by the contract.
Whatever the law might formerly have been, it is now considered as a fair and honest plea to the merits of the action, may be pleaded after an imparlance, and is considered as an issuable plea. 1 Burr. 59: 1 H. B. Rep. 369.
The circuit court, after the cause is remanded to it, may receive it or permit the pleadings to be amended, if the justice of the case seems to require it, urider the act of 1809, ch. 49, sec. 21. The objection to the admission of the plea, or the amendment thereof, is not a valid objection, for it may be as well received as any other plea which is calculated to bring the merits of the cause on trial, if as drawn and offered a good plea.
It is next argued/ that'the plea itself as amended and received, is not a good plea, for that notice to the plaintiff of the time when the defendant would be ready to deliver the castings, should.be shown to be a reasonable notice, giving time between the notification and the .day appointed for delivery, for the plaintiff to prepare him *414 self for receiving the castings, and to come to the place prepared to receive them and carry them away. Co. Lit. 211: Dyer, 354. Also, that the plea should have shown that the defendant was ready on the day appointed to deliver the castings at the place agreed on by the contract, and continued there ready at the last moment of the day, to make the delivery, and that the plaintiff, or any person for him, did not attend on any part of that day to receive the castings.
And as to that part of the plea which states the defendant on that day, and always afterwards was ready, and is yet ready, to deliver the castings, should have been proved by evidence, whereas the judge instructed the jury that no proof to this effect was necessary. This objection we will first answer. If the plaintiff can falsify this part of the plea, he avoids it, and this should be effected by a replication, stating a request to deliver and a refusal, at some time after the day alleged to be fixed by the notice for the delivery; but if the plaintiff cannot falsify it, by replying and proving the request and refusal, or at least by proving a request, whereupon judgment is rendered on this point of the plea, it stands unimpeached. The defendant need not prove it, but the plaintiff may falsify if he can. Willes’ Rep. 632: 2 Salk. 622: 1 Ld. Ray. 254: Carth. 413: 12 Mod. 182: 2 Salk. 623: 10 Mod. 81: 1 Lutw. 227: 8 Term, 629.
As to the alleged defect in the plea for not stating that on the day appointed by the notice for delivering the castings, the defendant was * at the place to the last moment or uttermost convenient time of the day ready to deliver, he certainly was not ready on his part, if that fact be not shown. Co. Litt. 211: Plow. 172, 173: 5 Rep. 114 The plaintiff is not bound to attend the whole day from morning, but may come at the least convenient part of the day, and then the defendant must be ready, and the plea is not good for want of this allegation. And as to the notice of the day on which the defendant would be ready, *415 the plea should show the time when the notice was given, and the interval between it and the day appointed for delivery, and that the intermediate time was sufficient for the plaintiff to prepare for going to the place appointed, prepared to receive the castings, and to convey them away. In both these last instances, therefore, the plea is defective, and therefore should not have been received. The judgment should be reversed, and judgment be now given for the damages assessed on the writ of enquiry. And we are strongly inclined to believe that the plea should also set forth, that the castings, to the amount specified in the contract, were set apart and identified, where the articles are not perishable, to the end that if not delivered, when demanded subsequently to the plea, the plaintiff may recover in trover for them. 1 Roll’s Rep. 443. But this point we do not now mean to decide.
Judgment reversed.